DREW, J.
11Robert Edward Reinowski (“Ed”) appeals a peremptory writ disposition of this court,[1] and a subsequent judgment of the First Judicial District Court,[2] each of which held that Ed’s mother, Mrs. Priscilla Reinowski, was fully interdicted when she confected her will, and thus died intestate.
Despite a tortured and complicated history, there are only three essential operative dates in this dispute:
• August 10, 2009 — Mrs.. Reinowski was fully interdicted;[3]
• September 17, 2009 — She attempted to execute her Last Will and Testament, a decision for which she lacked capacity;[4] and
• December 27, 2009 — She died at age 88. Mrs. Reinowski was predeceased by her husband, Paul Reinowski, who died October 18, 2005. The Reinowskis lived in Shreveport and had Efive children of the marriage. Mrs. Reinowski was predeceased by a son and a daughter. Three children survived her:
• Thomas Karl Reinowski (“Tom”),
• John William Reinowski[5] (“John,” a full interdict), and
• Robert Edward Reinowski (“Ed”), who always lived with his mother.
The bottom line in this dispute relates to the legal effect of the August 10, 2009, interdiction judgment.
On February 28, 2011, a second judge of the First Judicial District heard testimony[6] relative to the nature of the initial interdiction.
In Ed’s view, Mrs. Reinowski was able to make a will, as she was under only a *1068 limited order of interdiction.[7] He relies upon La. C.C. art. 1482(C), which states:
A limited interdict, with respect to property under the authority of the curator, lacks capacity to make or revoke a donation inter vivos and is presumed to lack capacity to make or revoke a disposition mortis causa. With respect to his other property, the limited interdict is presumed to have capacity to make or revoke a donation inter vivos or disposition mortis causa. These presumptions may be rebutted by a preponderance of the evidence.
|sA second Caddo trial judge found that Mrs. Reinowski was fully interdicted at the time she sought to execute her will, resulting in her testament being invalid. That finding is final.
A third judge, in response to our unclear ruling of December 22, 2011, signed a summary judgment on December 29, 2011, which also held that Mrs. Reinowski, as a full interdict, lacked legal capacity to make a will on the date of confection.
Appellees correctly argue that we have previously decided, in final judgment, all relevant legal issues in this case. Appel-lees are therefore entitled to have this appeal dismissed based upon the exception of res judicata.[8] We consider the subsequent ruling of the third district judge to be mere surplusage, occasioned by our previous unclear writ disposition.
We dismiss the appeal and reconfirm that Mrs. Priscilla Reinowski was fully interdicted when she sought to execute her last will and testament. Accordingly, that testament is invalid, and she died intestate.
DECREE
At his sole cost, appellant’s appeal is DISMISSED.
APPLICATION FOR REHEARING Before BROWN, WILLIAMS, DREW, LOLLEY and SEXTON, JJ.
Rehearing denied.

. See Docket No. 47,118-CW, Succession of Priscilla Reinowski, rendered by this court on December 22, 2011. We found therein that, as a matter of law, Mrs. Reinowski died intestate, reasoning that as a full interdict she lacked capacity by which to make a valid will on September 17, 2009, the date of the contested testament.

. Ed neither sought rehearing of this court’s December 22, 2011, peremptory writ grant nor did he seek supervisory review from the Supreme Court. Therefore, our judgment appears to be final, notwithstanding a judgment rendered a week later by the trial court. Our ruling on the writ was somewhat confusing, and could have been reasonably interpreted to direct action by the First Judicial District Court, resulting in the trial court’s grant of summary judgment dated December 29, 2011. We regret our several missteps in this case and do apologize to counsel, to the three trial judges who have dealt with this dispute, and certainly to the litigants.

. Somewhat confusingly, the title of the instrument is Judgment and Order of Preliminary and Limited Interdiction. Nonetheless, the substance of the judgment clearly provides for a full interdiction. A second trial judge, considering the clear provisions of the document and the sworn testimony of the original judge, found the proceeding to be a full interdiction. We agree.

. The controlling code article in September of 2009 was La. C.C. art. 1482(B):
A full interdict lacks capacity to make or revoke a donation inter vivos or disposition mortis causa.

. Although outside this record, an obituary published in the Shreveport Times stated that John William Reinowski died on October 9, 2012, after the presentation of oral arguments to this court.

. Over objection, the second judge allowed testimony from the judge who issued the initial interdiction judgment.

. Admittedly, the first trial judge repeatedly used the term “limited interdiction.” That judgment, however, clearly placed all of her property and her person, without limitation, under the care of various curators. The initial interdiction judgment carefully crafted protections for both her person and her property, empowering numerous appointees specific tasks so as to safeguard Mrs. Reinowski and her assets. Additionally, an attorney was appointed to monitor the care of the interdict and to represent her interests.

. On August 1, 2012, this court referred the issue of res judicata to the merits on this appeal.